IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-60743
Summary Calendar
_____


ROBERTO LUGO,

                              Plaintiff-Appellee,

                    versus

THE HOUSING AUTHORITY OF THE
CITY OF DONNA, HIDALGO COUNTY,
TEXAS, ET AL.,

                              Defendants,

ARACELIA REYES, Individuially,
Etc., ET AL.,

                              Defendants-Appellants.

_____

Appeal from the United States District Court for
the Southern District of Texas
(M-93-CV-260)
_____
(September 28, 1995)

Before REAVLEY, SMITH and PARKER, Circuit Judges.

PER CURIAM:[*]

     Plaintiff Roberto Lugo brought various state claims and

three claims under 42 U.S.C. § 1983 against the commissioners of

the Donna Housing Authority.  The commissioners moved under Fed.

_____

     [*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined
that this opinion should not be published.

R. Civ. P. 12(b)(6) to dismiss the § 1983 claims on qualified immunity grounds, arguing that Lugo's complaint did not meet the heightened pleading standards applicable to § 1983 actions under *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985). The commissioners now appeal the denial of their 12(b)(6) motion.

Between the time the district court denied the motion to dismiss and the consideration of this appeal, the Fifth Circuit changed the pleading procedure for cases in which qualified immunity is asserted as a defense. *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc). Under *Schultea*, plaintiffs need no longer anticipate a qualified immunity defense in the complaint. *Id*. at 1430. If the complaint states a claim under normal pleading standards, the defendant must raise his qualified immunity defense in an answer, and if he does so, the district court may, in its discretion, insist that plaintiff file a reply tailored specifically to the issue of qualified immunity. *Id*. at 1433-34. After receiving the reply, the court can determine whether the case can proceed and consider any motions for summary judgment. *Id*. In light of *Schultea*, and because denial of a motion to dismiss is not appealable, this appeal is dismissed.

DISMISSED.